38C01-2310-CT-000019

Filed: 10/19/2023 3:19 PM
Clerk
Jay County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE JAY COUNTY SUPERIOR/CIRCUIT COURT |
| | )SS: | |
| COUNTY OF JAY | ) | CAUSE NO.: |

| | |
|---|---|
| LONNIE STEPHENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WAL-MART STORES EAST, LP, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL**

Plaintiff, LONNIE STEPHENS, by counsel, for his Complaint for Damages and Request for Jury Trial against the Defendant, WAL-MART STORES EAST, LP, states as follows:

1. The Plaintiff, LONNIE STEPHENS, is a resident of Jay County, in the State of Indiana.

2. The Defendant, WAL-MART STORES EAST, LP, is a foreign limited partnership registered to do business in the State of Indiana with a registered agent as CT Corporation System located at 334 North Senate Avenue, Indianapolis, Indiana 46204.

3. Pursuant to Indiana Trial Rule 75(A), venue is proper in Jay County because the incident giving rise to this Complaint for Damages occurred in Jay County.

**STATEMENT OF FACTS**

4. Each of the preceding allegations contained in this Complaint for Damages is hereby incorporated by this reference thereto.

5. At all times relevant hereto, the Defendant owned, operated, managed, maintained, and/or otherwise controlled a grocery store/food retail establishment known as "Walmart Supercenter"

1

located at 950 West Votaw Street, in the City of Portland, County of Jay, State of Indiana (hereafter "Defendant's Store" or "Property").

6. On April 28, 2023, the Plaintiff, LONNIE STEPHENS, was an invitee of the Defendant, and was on the Property for the financial benefit of the Defendant.

7. At the aforementioned time and place, the Plaintiff, LONNIE STEPHENS, was purchasing a liquid propane tank.

8. The liquid propane housing was located very close to the curb.

9. As the Plaintiff opened the door of the liquid propane housing, he took a step back (to allow the door to fully open) and as a result, stepped off of the curb and fell (hereafter "Incident").

## COUNT I: NEGLIGENCE

10. Each of the preceding allegations contained in this Complaint for Damages is hereby incorporated by this reference thereto.

11. The Plaintiff, LONNIE STEPHENS, in no way contributed to the cause of the Incident or the damages sustained therefrom.

12. Except for the party named in the Caption of the Complaint for Damages, there are no other parties or non-parties who contributed to the cause of the Incident, or the damages sustained by the Plaintiff.

13. At the time of the Incident, the Defendant owed to the Plaintiff, LONNIE STEPHENS, a duty to maintain its Property in a reasonably safe condition. *Orville Milk Co. v. Beller*, 486 N.E.2d 555 (Ind.Ct.App.1985).

14. At the time of the Incident, the Defendant was negligent in failing to exercise reasonable care in maintaining its Property in a reasonably safe condition.

15. At the time of the Incident, Indiana law provided that a business invitor is subject to liability for the physical harm caused to its invitee(s) by a condition on land if it:

    a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to its invitees;

    b) should expect that its invitees will not discover or realize the danger, or will fail to protect itself against it; and

    c) fails to exercise reasonable care to protect its invitees against the danger. *Douglas v. Irvin*, 549 N.E.2d 368 (Ind. 1990); *Wal-Mart Stores, Inc. v. Wall*, 712 N.E.2d 1015 (Ind. App. 1999); Restatement (Second) of Torts, § 353.

16. At the time of this Incident, the Defendant knew or in the exercise of reasonable care would have discovered the aforementioned dangerous condition and should have realized that it involved an unreasonable risk of harm to invitees such as the Plaintiff, LONNIE STEPHENS.

17. At the time of this Incident, the Defendant should have expected that invitees such as the Plaintiff, LONNIE STEPHENS, would not realize or discover the aforementioned dangerous condition on the Property, or would fail to protect himself against it.

18. At the time of this Incident, the Defendant failed to exercise reasonable care in protecting invitees such as the Plaintiff, LONNIE STEPHENS, by failing to have the condition located on the Property removed or otherwise remedied.

19. At the time of this Incident, the Defendant failed to exercise reasonable care in protecting invitees such as the Plaintiff, LONNIE STEPHENS, by failing to reasonably warn invitees of the aforementioned dangerous condition, and/or by allowing invitees to use the dangerous area of the Property.

20.	At the time of this Incident, the Defendant owed a duty to the Plaintiff, LONNIE STEPHENS, to warn him of the hazard on the Property. *Duffy v. Ben Dee, Inc.*, 651 N.E.2d 320 (Ind. App. 1995); *Burrell v. Meads*, 569 N.E.2d 637 (Ind. 1991); *Douglas v. Irvin*, 549 N.E.2d 368, 369 (Ind. 1990).

21.	The Defendant as the invitors, have a duty to exercise reasonable care to discover defects or dangerous conditions on their Property, and are charged with knowledge of any dangerous conditions that could have been discovered in the exercise of reasonable care. *Lutheran Hosp. of Indiana, Inc. v. Blaser*, 634 N.E.2d 864 (Ind. App. 1994).

22.	At the time of this Incident, the Defendant was negligent in failing to warn the Plaintiff, LONNIE STEPHENS, of the aforementioned dangerous condition on the Property.

23.	At the time of this Incident, the Plaintiff, LONNIE STEPHENS, did not observe the aforementioned dangerous condition until after he fell.

24.	As a direct and proximate cause of the Defendant's negligence, the Plaintiff LONNIE STEPHENS, sustained physical injuries.

25.	As a direct and proximate cause of the Defendant's negligence, the Plaintiff, LONNIE STEPHENS, has incurred medical expenses and other costs.

26.	As a direct and proximate cause of the Defendant's negligence, the Plaintiff, LONNIE STEPHENS, has experienced, among other things, physical pain, mental anguish, and the loss of enjoyment of life from his personal injuries.

WHEREFORE, the Plaintiff, LONNIE STEPHENS, respectfully requests judgment against the Defendant, WAL-MART STORES EAST, LP, in an amount reasonable to be compensated for damages sustained, any and all pre-judgment interest calculated daily according to statute, and any and all other relief deemed just and proper.

Respectfully Submitted,

*/s/ Matthew T. Kavanagh*___
Matthew T. Kavanagh, #34393-49
Darron S. Stewart, #21114-29
*Attorney for Plaintiff*

STEWART & STEWART
931 South Rangeline Road
Carmel, Indiana 46032
(317) 846-8999
Darron@getstewart.com

**REQUEST FOR JURY TRIAL**

Comes now the Plaintiff, by counsel, and respectfully requests that the above matter be tried by jury.

/s/ Matthew T. Kavanagh
Matthew T. Kavanagh, #34393-49
Darron S. Stewart, #21114-29
*Attorney for Plaintiff*

STEWART & STEWART
931 South Rangeline Road
Carmel, Indiana 46032
(317) 846-8999
Darron@getstewart.com

6